# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RACHELLE SHROPSHIRE ADEBOWALE, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 13 CV 2518 |
| v. | ) ) | |
| THE ILLINOIS INSTITUTE OF ART, INC. | ) ) | |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

NOW COMES Defendant The Illinois Institute of Art, Inc. ("Defendant"), by and through its counsel in this regard, Fisher & Phillips LLP, and hereby submits its Answer and Affirmative Defenses to the Complaint as follows:

## NATURE OF CASE

1. Plaintiff brings this action against Defendant to recover damages proximately caused by Defendant's discriminatory termination of Plaintiff's employment because of her age in violation of Section 2-103 of the Illinois Human Rights Act, as amended, 775 ILCS § 5.2-103 (the "IHRA"), and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 *et seq*. (The "ADEA").

**ANSWER:** Defendant admits the allegations contained in Paragraph No. 1 for jurisdictional purposes only. Defendant, however, denies that it committed any unlawful actions or that Plaintiff is entitled to any relief whatsoever.

## JURISDICTION AND VENUE

2. On September 26, 2012, the Illinois Department of Human Rights ("IDHR") issued its Notice of Dismissal in connection [sic] Plaintiff's timely filed charge of age

discrimination against Defendant (i.e., Charge No. 2011 CN 3740). Plaintiff files this action within 90 days of her receipt of the IDHR Notice. A copy of the IDHR Notice is attached hereto.

**ANSWER:** Defendant denies the allegations contained in Paragraph 2.

3. This Court therefore has jurisdiction over Plaintiff's IHRA claims pursuant to 775 ILCS § 5/7A-102(D).

**ANSWER:** Defendant admits the allegations contained in Paragraph 3 for jurisdictional purposes only. Defendant, however, denies that it committed any unlawful actions or that Plaintiff is entitled to any relief whatsoever.

4. This Court has personal jurisdiction over Defendant in that Defendant conducts business under the laws of Illinois, and operates a significant business in the City of Chicago, within Cook County, Illinois.

**ANSWER:** Defendant admits the allegations contained in Paragraph 4 for jurisdictional purposes only. Defendant, however, denies that it committed any unlawful actions or that Plaintiff is entitled to any relief whatsoever.

5. Venue is proper in this Court in that Defendant operates a significant business in the City of Chicago, Cook County, Illinois, the parties conducted their employment relationship in Chicago, Illinois, Plaintiff worked for Defendant at its Chicago, Illinois business, and Defendant's illegal termination of Plaintiff's employment occurred in Chicago, Illinois. See 735 ILCS § 5.2-101.

**ANSWER:** Defendant admits the allegations contained in Paragraph 5 for jurisdictional purposes only. Defendant, however, denies that it committed any unlawful actions or that Plaintiff is entitled to any relief whatsoever.

## THE PARTIES

6. Plaintiff, RACHELLE SHROPSHIRE ADEBOWALE (hereinafter "Rachelle"), in an individual born January 15, 1952, and residing at all relevant times in the City of Chicago, Cook County, State of Illinois.

**ANSWER:** Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 6 and, therefore, denies the same.

7. At all relevant times, Rachelle was an "Employee" of Defendant as defined under the IHRA (see 775 ILCS 5/2-101(A)(1)), and the ADEA.

**ANSWER:** Defendant admits that it formerly employed Plaintiff. Defendant is without sufficient information or knowledge to either admit or deny what time frame constitutes "[A]t all relevant times" and, therefore, denies this allegation.

8. Defendant, THE ILLINOIS INSTITUTE OF ART, INC. (hereinafter the "IIOA"), is a domestic Illinois corporation registered and licensed to do business in Illinois, and at all times relevant to the allegations herein, operated a significant business in Chicago, Illinois, were illegal activities described below took place.

**ANSWER:** Defendant admits that it is incorporated under the laws of Illinois and conducts business in Chicago, Illinois. Defendant denies the remaining allegations set forth in Paragraph 8.

9. At all relevant times, for the purpose of the claims set forth herein, IIOA was an "employer" of Rachelle as defined under the IHRA (see 775 ILCS 5/2-101(B)(1)(a)), and the ADEA.

**ANSWER:** Defendant admits the allegations contained in Paragraph 9.

## THE PERTINENT FACTS

3

Chicago 138419.1

10. Rachelle began her employment with IIOA in March 2004.

**ANSWER:** Defendant admits the allegations contained in Paragraph 10.

11. Rachelle's most recent position was Assistant Director of Admissions.

**ANSWER:** Defendant admits the allegations contained in Paragraph 11.

12. Rachelle's job performance at all relevant times met or exceeded IIOA's legitimate expectations.

**ANSWER:** Defendant denies the allegations contained in Paragraph 12.

13. On February 7, 2011, IIOA terminated Rachelle's employment for pretextual reasons.

**ANSWER:** Defendant denies the allegations contained in Paragraph 13.

14. IIOA has not terminated the employment of several substantially younger, similarly situated employees who engaged in as serious or more serious alleged misconduct and/or work rule violations.

**ANSWER:** Defendant denies the allegations contained in Paragraph 14.

## IIOA TERMINATED RACHELLE'S EMPLOYMENT BECAUSE OF HER AGE IN VIOLATION OF THE IHRA AND THE ADEA

15. Under the IHRA and the ADEA, it is illegal for an employer such as IIOA to terminate the employment of an employee over 40 years of age because of that employee's age.

**ANSWER:** Defendant states that this is a legal conclusion to which no response is required. To extent response is required Defendant denies the allegations contained in Paragraph 15.

16. At the time IIOA terminated Rachelle's employment she was 59 Years of age.

**ANSWER:** Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 16 and, therefore, denies the same.

17. IIOA terminated Rachelle's employment because of her age.

4

**ANSWER:** Defendant denies the allegations contained in Paragraph 17.

18. As a direct and proximate result of IIOA's illegal discriminatory termination of Rachelle's employment as described above, Rachelle has lost, and is expected to continue to lose, income in the form of wages and prospective retirement benefits, social security and other benefits in a sum to be proved at trial, and has suffered emotional pain, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and she is expected to incur future damages.

**ANSWER:** Defendant denies the allegations contained in Paragraph 18.

19. The above described conduct by IIOA was willful and wanton, and with reckless disregard and indifference to the law and to Rachelle's rights. IIOA should therefore be subject to punitive damages as an example to deter others from engaging in conduct of this kind.

**ANSWER:** Defendant denies the allegations contained in Paragraph 19. Defendant further denies Plaintiff is entitled to any damages whatsoever.

Wherefore, Plaintiff, RACHELLE SHROPSHIRE ADEBOWALE, respectfully prays unto this Honorable Court enter judgment in her favor and against Defendant, THE ILLINOIS INSTITUTE OF ART, INC., in an amount in excess of $50,000 as follows:

A. Order IIOA to make Rachelle whole by paying her an appropriate amount of lost wages, reimbursement for lost pension, social security and other benefits and out-of-pocket expenses, plus pre-judgment interest in an amount to be shown at trial;

B. Order IIOA to immediately reinstate Rachelle to her former position; or, in the alternative, order IIOA to pay Rachelle an appropriate amount of front pay;

C. Order IIOA to pay Rachelle liquidated, punitive and/or compensatory damages in the maximum amount allowable under the law;

D. Order IIOA to pay Rachelle's costs incurred in bringing this action, including, but

not limited to, expert witness fees;

   E.  Try all issues of fact to a jury; and,

   F.  Grant such other relief as the Court deems just.

**ANSWER:**  Defendant denies that Plaintiff is entitled to any relief requested in her Prayer for Relief and further denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Defendant, as and for its affirmative defenses to Plaintiff's Complaint, states and alleges as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the equitable defenses of laches, waiver, estoppel, and/or unclean hands.

### THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to mitigate her damages.

### FOURTH DEFENSE

Plaintiff's potential recovery is barred in whole or in part because Defendant exercised reasonable care to prevent and correct promptly any harassing, discriminatory, or retaliatory behavior, and Plaintiff unreasonably failed to take advantage of preventative and corrective opportunities provided by Defendant or to avoid harm otherwise.

### FIFTH DEFENSE

Defendant is insulated from liability for alleged discrimination and/or harassment because Defendant has adopted and enforced an anti-discrimination/no-harassment policy, and

Defendant neither knew nor had any reason to know of the alleged acts or admissions complained of in this case.

**SIXTH DEFENSE**

Defendant may not be held liable for any alleged injuries or damages resulting from the effects of Plaintiff's preexisting emotional, psychological, physical conditions, and/or alternative concurrent cause which may not be the result of any act or omission of Defendant.

**SEVENTH DEFENSE**

To the extent that any action complained of by Plaintiff occurred more than 300 days prior to her filing a federal charge of discrimination or more than 180 days prior to her filing a claim under the IHRA, it cannot form the bases for any relief under Title VII and/or the IDHR.

**EIGHTH DEFENSE**

Plaintiff's claims are barred to the extent that she did not file her Complaint within 90 days from her notice of right to sue from either the EEOC or IDHR.

Defendant may have additional affirmative defenses as yet unknown, but which will be identified through discovery in this matter, and Defendant respectfully reserves the right to assert the same as and when appropriate.

By: /s/Nesheba M. Kittling
One of the Attorneys for Defendant

Nesheba M. Kittling
Brian K. Jackson
FISHER & PHILLIPS LLP
10 S. Wacker Drive
Suite 3450
Chicago, IL 60606
Telephone: (312) 346-8061
Facsimile: (312) 346-3179

# **CERTIFICATE OF SERVICE**

      That on April 18, 2010, I electronically filed the foregoing **ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Timothy J. Coffey
351 West Hubbard Street
Suite 602
Chicago, IL 60654;

and to the following interested party by First Class Mail

Rachelle Shropshire-Adebowale
2605 S. Indiana Ave.
Unit #1205
Chicago, IL 60616

                                                     /s/ Nesheba M. Kittling