IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAY X 2 2013
MAY 2 2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| RACHELLE SHROPSHIRE-ADEBOWALE, | ) |
| Plaintiff, | ) Case No.: 13-cv-2518 |
| v. | ) |
| | ) Before Judge J. Tharp, Jr. |
| THE ILLINOIS INSTITUTE OF ART-CHICAGO | ) |
| Defendant. | ) |

### PLAINTIFF'S REPLY TO DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS COMPLAINT.

I, Rachelle Shropshire-Adebowale, the Plaintiff in the above-captioned case, and acting Pro Se, hereby moves this Honorable Court as follows:

(1) To dismiss this case on the basis that this Court **lacks subject-matter jurisdiction** to even hear this matter in the first place-pursuant to Article III of the United States Constitution because the purported Circuit Court of Cook County case number: 012 L 014492 (hereinafter referred to as the "Lawsuit") was dismissed on April 3, 2013-the day BEFORE the Defendant exercised their right of removal pursuant to section 1446, 28 U.S.C.

(2) To make a specific finding that consequent on the above, the said "Lawsuit" that the Defendant purported to have exercised their right of removal over-pursuant 28 U.S.C. section 1446 was NOT "PENDING" or in existence as of April 4, 2013 when the Defendant filed their Notice of Removal of the said "Lawsuit" from the Circuit Court of Cook County to the United States District Court for the Northern District of Illinois, Eastern Division.

(3) To make a specific finding-as expressly provided by 28 U.S.C. section 1446-that **the burden of proof is on the Defendant** to ensure that the "civil action or criminal prosecution" desired by the Defendant to be removed from a State Court is "PENDING" when the Notice of Removal is filed. Thus, in the instant case, it is respectfully submitted that it is **disingenuous** for the Defendant to assert or suggest that the Plaintiff bears the duty or the responsibility to apprise the Defendant that the said "Lawsuit" was "pending" when it filed its Notice of Filing on April 4, 2013.

(4) That a reasonably competent and diligent Attorney and/or Law Firm filing a Notice of Removal pursuant to the provisions of 28 U.S.C. section 1446 would have checked the Case Docket Sheet and/or peruse the State Court's Case File and/or Case Computer Systems as a PRELIMINARY ENQUIRY to ensure that the case/Lawsuit to be removed is still PENDING.

(5) That Consequent on the above, it is respectfully submitted that the reason why Messrs. Fisher and Phillips LLP did not appear to have conducted such elementary or preliminary investigation regarding whether the said "Lawsuit" was **still pending** was because it wanted to **generate Fees** on the back of what appeared to be totally UNNECESSARY WORK-thereby wasting this Court's time and resources.

1

In support of the Plaintiff's Reply and the submissions above-stated, the Plaintiff state as follows:

(1) That this Honorable Court should dismiss the matter for **lack of subject matter jurisdiction** because the Federal Courts only have jurisdiction over "cases and controversies", pursuant to Article III of the United States Constitution. Accordingly, since the Plaintiff's said "Lawsuit" had been voluntarily dismissed by the **Honorable Judge Ronald F. Bartkowicz** on April 3, 2013, there was no "case and/or controversy" pending when on April 4, 2013 the Defendant purported to have removed this matter/case to the Federal Court. Thus, it is respectfully submitted that this case should be dismissed for lack of subject matter jurisdiction, and NOT under Rule 12(b)(6) of the Federal Civil Procedure Rules.

(2) That the Defendant appeared to have had a COUPLE OF OPPORTUNITIES to apprise itself of the fact of Judge Bartkowicz's Order dated April 3, 2013.

First, the Defendant conceded that the Summons in the said "Lawsuit" had been served on them or their Client on March 13, 2013-see copy of page 2, Page ID #43 of Defendant's Rule 12(b)(6) Motion to Dismiss, attached and marked as **EXHIBIT "A"**.

Secondly, after being properly served with the Summons, the Defendant **was aware** that the said "Lawsuit" was scheduled for **"case status"** hearing on April 3, 2013-see copy of the Order setting status date at page 3 of 10 Page ID #44, attached and marked as **EXHIBIT "B"**. However, the Defendant or their Client chose not to appear on the said date. Had they done so, they would have been aware of what had transpired in Court, and therefore Judge Bartkowicz's said Order dismissing the said "Lawsuit".

Thirdly, On April 4, 2013 at precisely 11.30 a.m. when the Defendant filed their so-called "Defendant's Notice to Adverse Party of Removal to Federal Court" with the Circuit Court of Cook County they could have conducted an **elementary due diligence** there and then as to **whether** the case had been **dismissed** or **still pending.**

It is respectfully submitted that a reasonably competent and diligent Attorney and/or Law Firm would have, at the very least, conducted a preliminary investigation of the facts and events on a case that is desired/sought to be removed from State Court to Federal Court.

(3) Most importantly, it is implicit in the express words of 28 U.S.C. section 1446 that it is the Defendant's responsibility, indeed duty, to ensure that a case/matter is "PENDING" at the time that case or matter is being sought to be removed. The section stipulates, in relevant part, as follows:

"(a) **A defendant** or defendants **desiring to remove any civil action** or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which **such action is pending** a notice of removal signed pursuant to rule 11 of the Federal Rules of civil Procedure............" [Emphasis added].

Accordingly, it is respectfully submitted that Defendant's argument that "neither the Plaintiff nor her former counsel served Defendant with copies of the April 3, 2013 Order issued by the Circuit Judge" is clearly **a red-herring.**

For the record, and the avoidance of any doubt, regarding the issue of who bears **the burden of proof** to ensure that a "civil action" desired to be removed is PENDING, please find attached a copy of the provision of 28 U.S.C. section 1446-marked as **EXHIBIT "C".**

For the foregoing reasons, the Plaintiff respectfully request this Honorable Court to dismiss this matter for lack of subject-matter jurisdiction, and to respectfully find as above-stated.

Dated this...1st.......day of May 2013.

Respectfully submitted,

*[signature]* 5-1-2013

**Rachelle Shropshire-Adebowale**
Plaintiff (acting Pro Se).

**AFFIDAVIT OF IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S RULE 12 (b)(6) MOTION TO DISMISS COMPLAINT.**

I, Rachelle Shropshire-Adebowale, the Plaintiff in this matter, being first duly sworn on oath, state that I have personal knowledge of the facts stated herein in support of my Reply to Respondent's Rule 12(b)(6) Motion to Dismiss, and that these facts are true and correct to the best of my knowledge and belief.

*[signature]*

**Rachelle Shropshire-Adebowale**
Deponent-Plaintiff (Pro Se).

**Attorney For:** Acting Pro Se

**Address:** 2605 South Indiana Avenue; #1205

**City:** Chicago, IL 60616.

**Phone:** (312) 388-8993.

SUBSCRIBED AND SWORN TO BEFORE ME

On this ......1st........day of May 2013.

*[signature]* Tiffany R. Johnson
NOTARY PUBLIC

OFFICIAL SEAL
TIFFANY R JOHNSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/12/16

OFFICIAL SEAL
TIFFANY R JOHNSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/12/16

3

EXHIBIT A

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

CCG N001-75M-2/28/05 (43480658)

IN THE CIRCUIT COURT OF COOK COUNTY, ILL
COUNTY DEPARTMENT, _____

(Name all parties)

Rachelle Shropshire-Adebowale

v.                                                    No. 2012 L 014492

Illinois Institute of Art-Chicago, Inc.

## SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☐ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

FEB 19 2013

WITNESS, _____

Atty. No.: _____
Name: Rachelle Shropshire-Adebowale
Atty. for: _____
Address: _____
City/State/Zip: _____
Telephone: _____

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS




# SHERIFF'S OFFICE OF COOK COUNTY, ILLINOIS
## AFFIDAVIT OF SERVICE

*0096 6562*

CASE NUMBER: 12L014492     MULT.SER. 1     DOC. TYPE: LAW
DIE DATE: 03/13/2013     RECEIVED DATE: 2/19/2013     FILED DATE: 02/19/2013     DIST: 654 DC

**DEFENDANT**
THE ILLINOIS INSTITUTE OF ART-CHICAGO, INC.
350 N ORLEANS
CHICAGO, IL 60654

**PLANTIFF**
SHROPSHIRE-ADEBOWALE, RACHELLE

**ATTORNEY**
SHROPSHIRE-ADEBOWALE, RACHELLE
2605 S INDIANA UNIT 1205
CHICAGO, IL 60616
(312) 388-8993

**ATTACHED FEE AMOUNT:**
**SERVICE INFORMATION:** DR DAVID RAY PRESIDENT

**I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:**

____ **(1) PERSONAL SERVICE:**
BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

____ **(2) SUBSTITUTE SERVICE:**
BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE _____ DAY OF _____ 20____.

____ **(3) UNKNOWN OCCUPANTS:**
BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

✓ **(4) CORP/CO/BUS/PART:**
BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION ✓ COMPANY ____ BUSINESS ____ PARTNERSHIP ____

____ **(5) PROPERTY RECOVERED:**
NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

____ **(6) S.O.S./D.O.I.:**
BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

____ **(7) CERTIFIED MAIL**

***** COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT *****

____ **(8)** AND BY MAILING ON THE _____ DAY OF _____ 20_____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATION SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

| | | |
|---|---|---|
| ____ (01) NO CONTACT | ____ (05) WRONG ADDRESS | ____ (09) DECEASED |
| ____ (02) MOVED | ____ (06) NO SUCH ADDRESSS | ____ (10) NO REGISTERED AGENT |
| ____ (03) EMPTY LOT | ____ (07) EMPLOYER REFUSAL | ____ (11) OUT OF COOK COUNTY |
| ____ (04) NOT LISTED | ____ (08) CANCELLED BY PLAINTIFF ATTY | ____ (12) OTHER REASON (EXPLAIN) |

**EXPLANATION:** _____

**ATTEMPTED SERVICES**

| DATE | TIME (AM/PM) | STAR # |
|---|---|---|
| | 11:19 a | 6008 |

WRIT SERVED ON: Mary Jane Lukas
SEX: M/F    RACE: W    AGE: 55
THIS 13 DAY OF March, 2013

Thomas J. Dart
SHERIFF, BY: _____ DEPUTY

T. Lampkin #10683

MAL741

COUNTY DEPARTMENT, LAW DIVISION

Adebowale
    Plaintiff(s), )
    )
    ) No. _____
  vs. )
    )
Illinois Institute )
    Defendant(s). )

## ORDER SETTING STATUS DATE

This cause coming to be heard on Calendar "Y" Call, this matter is hereby

4315   continued for Status on _____, 20__ at ____ a.m./p.m.

4304   The Status date of _____, 20__ at ____ a.m./p.m. is hereby stricken.

Other: _____

_____

_____

_____

_____

_____

Judge Ronald F. Bartkowicz
ENTERED
FEB _ _ 2013
Circuit Court - 193

ttorney No. _____
ttorney Name _____
ttorney For _____     Enter:
ttorney Address _____
ty, State _____
torney Phone No. _____

Ronald F. Bartkowicz,
Circuit Court Judge - 193

COUNTY DEPARTMENT, LAW DIVISION

Adebowale
Plaintiff(s),

vs.

Illinois Institute
Defendant(s).

No. 12 L 14492

## ORDER SETTING STATUS DATE

This cause coming to be heard on Calendar "Y" Call, this matter is hereby

4315 continued for Status on __4/3__, 20 13 at 9:00 a.m./p.m. 6315

4304 The Status date of _____, 20___ at _____ a.m./p.m. is hereby stricken.

Other: _____

_____

_____

_____

_____

:orney No. __The Court__

:orney Name _____

orney For _____

orney Address _____

/, State _____

orney Phone No. _____

Enter:

Judge Ronald F. Bartkowicz
ENTERED
FEB 19 2013

Circuit Court - 193

[signature]

Ronald F. Bartkowicz,
Circuit Court Judge - 193



**EXHIBIT "C"**

FOR LEGAL PROFESSIONALS

28 U.S.C. § 1446 : US Code - Section 1446: Procedure for removal

## Search 28 U.S.C. § 1446 : US Code - Section 1446: Procedure for removal

- Search by Keyword or Citation

Search

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.
(c)(1) A notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.
(2) A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds which exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on

grounds not existing at the time of the original notice. For good
cause shown, the United States district court may grant relief from
the limitations of this paragraph.
(3) The filing of a notice of removal of a criminal prosecution
shall not prevent the State court in which such prosecution is
pending from proceeding further, except that a judgment of
conviction shall not be entered unless the prosecution is first
remanded.
(4) The United States district court in which such notice is
filed shall examine the notice promptly. If it clearly appears on
the face of the notice and any exhibits annexed thereto that
removal should not be permitted, the court shall make an order for
summary remand.
(5) If the United States district court does not order the
summary remand of such prosecution, it shall order an evidentiary
hearing to be held promptly and after such hearing shall make such
disposition of the prosecution as justice shall require. If the
United States district court determines that removal shall be
permitted, it shall so notify the State court in which prosecution
is pending, which shall proceed no further.
(d) Promptly after the filing of such notice of removal of a
civil action the defendant or defendants shall give written notice
thereof to all adverse parties and shall file a copy of the notice
with the clerk of such State court, which shall effect the removal
and the State court shall proceed no further unless and until the
case is remanded.
(e) If the defendant or defendants are in actual custody on
process issued by the State court, the district court shall issue
its writ of habeas corpus, and the marshal shall thereupon take
such defendant or defendants into his custody and deliver a copy of
the writ to the clerk of such State court.
(f) With respect to any counterclaim removed to a district court
pursuant to section 337(c) of the Tariff Act of 1930, the district
court shall resolve such counterclaim in the same manner as an
original complaint under the Federal Rules of Civil Procedure,
except that the payment of a filing fee shall not be required in
such cases and the counterclaim shall relate back to the date of
the original complaint in the proceeding before the International
Trade Commission under section 337 of that Act.

[Notes]

« Prev
Nonremovable
actions

Up
District courts;
removal of cases
from state courts

Next »
Procedure after
removal generally

Copyright © 2013 FindLaw, a
Thomson Reuters business. All rights reserved.